NIEMEYER, Circuit Judge,
concurring in the denial of rehearing en banc:
Female genital mutilation is an abhorrent practice, and Senegal enacted a law in 1999 criminalizing it. Since then, the practice has been declining in Senegal, and the State Department’s reports on Senegal state that female genital mutilation is now hardly practiced in populated areas, such as Dakar, where Francoise Gomis lived.
While Gomis gave her opinion that the practice was more prevalent than indicated in the State Department’s reports, the administrative law judge chose to rely on the State Department’s reports, concluding that Gomis was not attempting to be deceitful in giving her opinion but that she simply lacked “knowledge of the actual facts.” At bottom, the judge concluded that Gomis had not established that it was more likely than not that she, as an educated adult, would be subjected to female genital mutilation upon return to Dakar, and the Board of Immigration Appeals (BIA) concurred.
On her petition for review of the BIA’s decision, our role is not to make independent judgments on the facts but to defer to the agency’s factfinding “unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B) (emphasis added). On this record, we are not compelled to conclude to the contrary. The immigration judge had reliable facts on which to rest his factfinding. Moreover, contrary to Judge Gregory’s argument in his dissenting opinion, our earlier decision in Haoua v. Gonzales, 472 F.3d 227 (4th Cir.2007), does not compel a contrary factual finding in this case. That case was based on different facts in the context of a different country, Niger. Indeed, our reversal of the BIA’s decision in Haoua was based on the immigration judge’s speculation that the petitioner had a 10% chance of suffering female genital mutilation if she returned to Niger — a finding we concluded was not supported by the facts in the record — and on the government’s concession that if the *198 petitioner returned to her family in Niger, “her likelihood of suffering FGM would approach 100%.” Id. at 232.
Our deferential role in this case is well defined, and it requires that we deny Gomis’ petition for the reasons given in the panel opinion. In these circumstances, our decision not to rehear this case is appropriate, especially in view of the fact that Gomis did not herself seek a rehearing en banc.